UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEFAH SHAHOUD,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondent.

Case No. 1:26-cv-01838-JLT-HBK (HC)

ORDER DIRECTING SUPPLEMENTAL BRIEFING

SEVEN-DAY DEADLINE

Petitioner, an immigrant detainee in U.S. Immigration and Customs Enforcement (ICE) custody at the California City ICE Processing Facility in California City, California, is proceeding pro se on his petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention without a bond hearing. (Doc. 1).

## I. BACKGROUND

On August 24, 2026, Petitioner filed a motion for preliminary injunction. (Doc. 14). The district judge referred the motion to the assigned magistrate judge and set a briefing schedule. (Doc. 15). On August 26, 2026, Respondent filed a response indicating that the BIA dismissed Petitioner's appeal of the IJ removal order on June 30, 2026. (Doc. 16-2). Thus, Respondents contend the underlying statutory authority for Petitioner's detention changed from 8 U.S.C. § 1225(b)(1)(B)(ii) to mandatory detention 8 U.S.C. § 1231(a)(2) when the removal order became

final on June 30, 2026. (Doc. 16). Petitioner did not file a reply, and the deadline to do so has passed. (See Doc. 15).

The Court's sua sponte review of the docket in the Ninth Circuit Court of Appeals indicates that Petitioner filed an appeal of the BIA dismissal, docketed on August 11, 2026. *Shahoud v. Blanche*, Case No. 26-5114.[1]

## II. APPLICABLE LAW AND ANALYSIS

Federal courts have an independent duty to consider their own subject-matter jurisdiction. Fed. Rule of Civ. P. 12(h)(3); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Under Article III, Section 2 of the Constitution, a federal court's jurisdiction is limited to adjudication of live cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,") (internal quotation marks omitted). To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted).

In the habeas context, the case or controversy requirement mandates dismissal as moot if (1) the petitioner has received the requested relief, or (2) the court is unable to provide the requested relief. *Aniyeloye v. Birkholz,* 2023 WL 4868545, at *1 (C.D. Cal. July 31, 2023) (citing *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997)); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (a case is moot when it is "impossible for a court to grant any effectual relief" on petitioner's claim). The Court's sua sponte search for Petitioner in the ICE Online Detainee Locator System returned zero matching records.[2] Because Petitioner may no

---

[1] The Court takes judicial notice of the docket of the United States Court of Appeals for the Ninth Circuit, available on PACER. *See United States v. Wilson*, 631F.2d 118, 119 (9th Cir. 2980) (court may take judicial notice of court records).

[2] *See* ICE Detainee Locator, https://locator.ice.gov/odls/#/search (last visited September 17, 2026). The Court may take judicial notice of information on official government websites. *McClure v. Ives*, 2010 WL 716193, at *3 (E.D. Cal. Feb. 26, 2010); *see also United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir.

longer be in ICE custody, the Court must determine whether this action is moot before reaching the merits.

Accordingly, IT IS ORDERED:

1. Within seven (7) days from service of this Order, Respondent shall submit supplemental briefing addressing:
   a. Whether this action is moot in light if Petitioner's apparent release from ICE custody, as reflected on the ICE Online Detainee Locator System. If, instead, Petitioner has been transferred to another detention facility that is not reflected on the ICE Online Detainee Locator System, Respondent shall notify the Court of Petitioner's current location.
   b. If Petitioner is still in ICE custody, Respondent shall update the Court as to the status of Petitioner's removal proceedings, including whether proceedings are stayed while the case is pending before the Ninth Circuit Court of Appeals.

Dated: September 17, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

2011) (taking judicial notice of the Bureau of Prisons' publicly available inmate locator).