UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEFAH SHAHOUD,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | Case No. 1:26-cv-01838-JLT-HBK (HC)<br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENTS' MOTION TO DISMISS AND DENY REMAINING MOTIONS AS MOOT[1]<br>(Docs. 1, 8, 14)<br>FOURTEEN-DAY OBJECTION PERIOD |

Petitioner Kefah Shahoud, an immigration detainee in U.S. Immigration and Customs Enforcement ("ICE") custody at the California City Detention Facility in California City, California, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 on March 6, 2026. (Doc. 1, "Petition").

Liberally construed, the Petition alleges that Petitioner's detention for 13 months without a bond hearing violates the Fifth Amendment's Due Process Clause; that his detention is "illegal" because no country will accept him in the reasonably foreseeable future; and that he the conditions of his detention harm his health, requiring psychiatric medication "to help [him] cope." (Doc. 1 at 6). Petitioner seeks immediate release. (*Id*. at 7).

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

Respondents moved to dismiss, arguing that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii). (Doc. 8). Petitioner's reply described his entry into the United States and the status of his removal proceedings, including his asylum application. (Doc. 10).

On August 24, 2026, Petitioner moved for a preliminary injunction. (Doc. 14). The district judge referred that motion to the undersigned on August 26, 2026. (Doc. 15). That same day, Respondents opposed the motion and amended their motion to dismiss, asserting that the statutory basis for Petitioner's detention had changed to 8 U.S.C. § 1231(a)(2) when his removal order became final on June 30, 2026. (Doc. 16). Petitioner did not file a reply, and the deadline has passed.

The Court's sua sponte review of the Ninth Circuit docket revealed that Petitioner sought review of the Board of Immigration Appeals ("BIA") dismissal of his appeal. The matter was docketed on August 11, 2026. *Shahoud v. Blanche*, Case No. 26-5114.[2] On September 17, 2026, the Court directed Respondent to submit supplemental briefing addressing, *inter alia*, the status of Petitioner's removal proceedings. (Doc. 18). Respondents filed supplemental briefing on September 24, 2026, reiterating that Petitioner' final removal order subjected him to mandatory detention under § 1231(a)(2). (Doc. 19).

For the reasons below, the undersigned recommends granting Respondents' motion to dismiss and denying the Petition without prejudice.[3]

## I. BACKGROUND

Petitioner is a native and citizen of Syria. (Doc. 8-1 at 2). He entered the United States without inspection on January 7, 2025, and a Border Patrol Agent encountered him near Otay Mesa, California. (*Id.*). Because he was apprehended within 14 days of entry and within 100 miles of a land border, officials placed him in expedited removal proceedings under 8 U.S.C. §

---

[2] The Court takes judicial notice of the docket of the United States Court of Appeals for the Ninth Circuit, available on PACER. *See United States v. Wilson*, 631F.2d 118, 119 (9th Cir. 2980) (court may take judicial notice of court records).

[3] To the extent Petitioner is challenging the conditions of his confinement, such claims are not cognizable on habeas review. *See Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024) ("a habeas claim is one challenging the fact of confinement, rather than the conditions of confinement.").

1225(b)(1). (*Id*. at 3; Doc. 8-2 at 27).

On February 28, 2025, after an asylum officer found that Petitioner had established a credible fear of persecution or torture, U.S. Citizenship and Immigration Services ("USCIS") issued a Notice to Appear. This notice vacated the expedited removal order under 8 C.F.R. § 208.30, charged Petitioner a removable under INA § 212(a)(7)(A)(i)(I) (alien without valid entry documents) and § 212(a)(6)(A)(i) (alien entry without inspection), and directed him to appear before an Immigration Judge ("IJ"). (Doc. 8-2).

On September 8, 2025, the IJ denied Petitioner's application for asylum, withholding of removal under INA § 241(b)(3), and protection under the Convention Against Torture ("CAT"), and ordered him removed to Syria. (Doc. 8-3; Doc. 16-1). Petitioner appealed to the BIA. (Doc. 8-4).

The BIA dismissed Petitioner's appeal on June 30, 2026. (Doc. 16-2). Petitioner then sought review in the in the Ninth Circuit, which docketed the matter on August 11, 2026. *Shahoud v. Blanche*, Case No. 26-5114. That proceeding remains pending.

Petitioner has remained in custody since his apprehension on January 7, 2025.

## II. APPLICABLE LAW AND ANALYSIS

Under Rule 4 of the Rules Governing Section 2254 Cases, if a habeas petition survives screening, the court must order the respondents to file an answer, motion, or other response. A motion to dismiss is treated as a request for dismissal under Rule 4. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). The court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

### A. Jurisdiction

A district court may grant habeas relief to a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). District courts retain jurisdiction over habeas challenges to immigration detention that are "sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also*

*Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

B. Detention under § 1231

Section 1231 governs the detention, release, and removal of noncitizens subject to final removal orders. It establishes a 90-day "removal period" during which the Attorney General remove the noncitizen. 8 U.S.C. § 1231(a)(1), (3). A noncitizen who is not removed during that period is subject to supervision pending removal. § 1231(a)(3). Section 1231(a)(6) permits continued detention beyond the removal period of certain inadmissible or criminal aliens, or those determined to be a risk to the community or unlikely to comply with the removal order, and provides that if released, such individuals "shall be subject to the terms of supervision in paragraph (3)." § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court addressed prolonged detention under § 1231(a)(6) when removal could not be accomplished because the designated countries refused to accept the noncitizens or no applicable repatriation treaty existed. *Prieto-Romero*, 534 F.3d 1053, 1062 (9th Cir. 2008)(citing *Zadvydas*, 533 U.S. at 684-86). The Court recognized six months as a presumptively reasonable period of detention. After that period, the noncitizen must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S at 701.

Respondents argue that Petitioner's removal order became final when the BIA dismissed his appeal on June 30, 2026, changing the statutory basis of his detention from § 1225(b)(1)(B)(ii) to § 1231(a)(2). (Doc. 16). An IJ's removal order becomes final upon the BIA's dismissal of an appeal. 8 C.F.R. § 1241.1(a). The removal period begins on the latest of the following dates: the date the removal order becomes administratively final; the date of the court's final order, if the removal order is judicially reviewed and the court stays removal; or the date the noncitizen is released from confinement. 8 U.S.C. § 1231(a)(1)(B).

Respondents are correct that § 1231(a)(2) required Petitioner's detention during the removal period following finality of his removal order. Thus, the 90-day removal period began on June 30, 2026, and it expired on September 30, 2026.

Ater the removal period expired, the statutory basis for Petitioner's continued detention

shifted to § 1231(a)(6), which permits the detention beyond the removal period for the presumptively reasonable period of six months. *Zadvydas*, 533 U.S at 701. Fewer than six months have elapsed since his removal order became final on June 30, 2026. His claim for release under *Zadvydas* is therefore premature.

As Petitioner is subject to mandatory detention during the presumptively reasonable six-month removal period, the Court recommends finding granting Respondents' motion to dismiss and denying the petition without prejudice to a renewed *Zadvydas* prolonged detention claim at a later point, if appropriate.

Accordingly, IT IS RECOMMENDED:

1. Respondents' motion to dismiss (Doc. 8) be GRANTED and the Petition (Doc. 1) be DENIED WIHOUT PREJUDICE.
2. Petitioner's motion for preliminary injunction (Doc. 14) be DENIED as moot.
3. Petitioner's motion to respond (Doc. 11) be DENIED as moot.

NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: October 13, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE