**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

KEFAH SHAHOUD,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

Case No. 1:26-cv-01838 JLT HBK

A-Number: 221-390-306

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENTS' MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S REMAINING MOTIONS AS MOOT, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

(Docs. 8, 11, 14, 21)

Kefah Shahoud is an immigration detainee who challenges his detention with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondents move to dismiss the petition, asserting that Petitioner's detention is mandatory.[1] (Docs. 8, 16, 19.)

The magistrate judge found that Petitioner is now subject to a final order of removal following the dismissal of his appeal on June 30, 2026. (Doc. 21 at 4, citing 8 C.F.R. § 1241.) The magistrate judge determined that Petitioner's detention during the 90-day removal period—

[1] Initially, Respondents argued that detention was mandatory under 8 U.S.C. § 1225(b)(1)(B)(ii). (Doc. 8.) On June 30, 2026—while this petition was pending—the Board of Immigration Appeals dismissed Petitioner's appeal of his order of removal. (Doc. 16-2 at 3-5.) Therefore, Respondents amended their motion to dismiss and asserted that the statutory authority for Petitioner's detention has changed. (Doc. 16 at 1-2.) With the amendment, Respondents contend the matter should be dismissed because Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2). (*Id.* at 2; Doc. 19 at 2.)

from June 30, 2026, to September 30, 2026—was mandatory under 8 U.S.C. § 1231(a)(2). (*Id.*) After that date, the magistrate judge determined that "the statutory basis for Petitioner's continued detention shifted to § 1231(a)(6), which permits the detention beyond the removal period for the presumptively reasonable period of six months." (*Id.* at 5, citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).) The magistrate judge found that because Petitioner has been detained for fewer than six months since the removal order became final, any claim for release under *Zadvydas* is premature. (*Id.*) Therefore, the magistrate judge recommended the Court grant dismissal and deny Petitioner's remaining motions as moot. (*Id.*)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days. (Doc. 21 at 5.) The Court advised the parties that the "failure to file any objections within the specified time may result in the waiver of certain rights on appeal." (*Id.,* citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Petitioner did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated October 14, 2026 (Doc. 21) are **ADOPTED**.
2. Respondent's motion to dismiss, as amended (Docs. 8, 16) is **GRANTED**.
3. The petition is **DISMISSED** without prejudice.
4. Petitioner's motions for a preliminary injunction and for the Court to respond (Docs. 11, 14) are denied as **MOOT**.
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: November 9, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE